UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNEST CALVINO JR.,

                      Plaintiff,

        -against-                           20-CV-0774 (CM)

IN NEED OF NEW NAME EMERGE. ASSETS,      ORDER OF DISMISSAL
PROPERTY, BUSNESSE, MONEY, TO NEW
NAME FOR PROTECTION,

                      Defendant.

---

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff Ernest Calvino Jr. brings this action alleging that Defendants violated his rights. By order dated January 31, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to invoke the Court's federal question jurisdiction, he writes the following (in the section in which he is asked to state which of his federal constitutional or federal statutory rights have been violated): "[i]n need of new name because identiti [sic] theft. New name because of bank fraund [sic], morga. fraund [sic], and other valueables [sic] that have been takend [sic] from my [sic][.]" (ECF No. 2 at 2.)[1] Where asked to list the place(s) of occurrence and where asked to state the date(s) of occurrence, he leaves those sections blank. (*Id.* at 5.)

Plaintiff alleges the following:

I have different names because of the bad situation I am in. I don't got privacy, I am been spy with hided electronic [sic]. There[']s people claim to be avocating [sic] for my [sic] and they are scamers [sic] but there could be honest people but the problem is, that I don't [know] them and I don't [know] who send this attorneys. If theres [sic] honest attorneys working in my civil, criminal cases in court. I will like to know who they are and who send this attorney. I will like

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

emerg. [sic] all my identitis [sic] in a new name a name that no posibles [sic] theft can steal from and attach my property, busness [sic], money, asset. names need to be emerg. Bradon Trump[.]

(*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## LITIGATION HISTORY

Plaintiff has filed 96 actions in this Court from December 17, 2019, through January 31, 2020. More than 70 of these actions have been dismissed as frivolous, and Plaintiff has been warned that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring him from filing new actions IFP unless he receives prior permission. *See, e.g., Calvino v. Mass. Courts,* ECF 1:20-CV-0728, 4 (S.D.N.Y. Jan. 31, 2020); *Calvino v. Bank of America,* ECF 1:20-CV-0650, 3 (S.D.N.Y. Jan. 24, 2020); *Calvino v. Armany,* ECF 1:20-CV-0387, 3 (S.D.N.Y. Jan. 17, 2020); *Calvino v. Hadid*, ECF 1:20-CV-0138, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Little Wane Father*, ECF 1:20-CV-0134, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Sanchez*, ECF 1:20-CV-0065, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Sportefy Inc.*, ECF 1:19-CV-11956, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Cirino*, ECF 1:19-CV-11953, 4 (S.D.N.Y. Jan. 7,

2020); *Calvino v All the women that sue me Int'l and Nat'l,* ECF 1:19-CV-11914, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Salad*, ECF 1:19-CV-11827, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Trainor*, ECF 1:19-CV-11668, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Jones*, ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Internal Affe*, ECF 1:19-CV-11611, 3 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Anneka C.*, ECF 1:19-CV-11610, 3 (S.D.N.Y. Dec. 23, 2019).

By order dated January 10, 2020, the Court directed Plaintiff to show cause why he should not be barred as of January 10, 2020, from filing any further IFP actions in this Court without first obtaining this Court's permission. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (Jan. 10, 2020). To date, Plaintiff has not responded to the Court's January 10, 2020 order. A review of this Court's records, however, reveals that Plaintiff has filed 52 actions, of the total 96 actions Plaintiff has filed, after the Court's January 10, 2020 order.

Because of Plaintiff's well-documented, repeated, abusive, bad-faith, and vexatious litigation in this Court and the Court's need to deter further abuse, on January 31, 2020, the Court directed Plaintiff to show cause in writing, within ten days of the date of that order, why the Court should not impose filing restrictions upon him. *See Calvino v. D.E.A.*, ECF 1:20-CV-0649, 4 (S.D.N.Y. Jan. 31, 2020).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff remains warned that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring him from filing new actions IFP unless he receives prior permission.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 4, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge